Below is an opinion of the court.

_____
TERESA H. PEARSON
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Deborah A. Roe,<br><br>        Debtor. | Case No. 23-32077-thp11<br><br>MEMORANDUM DECISION[1] |

This matter came before the court on the Subchapter V Trustee's motion for an order requiring Debtor to post a retainer for the trustee's fees and expenses.[2] Debtor opposes the Subchapter V Trustee's request.[3]

For the reasons set forth below, the court issues this interim decision on Debtor's objection but will not grant the motion unless and until the Subchapter V Trustee provides proper service on all creditors and the remaining creditors have an opportunity to object and be heard.

### **Jurisdiction**

This court has jurisdiction of this case under 28 U.S.C. § 1334, and authority to decide this issue as a core proceeding under 28 U.S.C. § 157(b)(2).

---

[1] This disposition is specific to this case. It may be cited for whatever persuasive value it may have.
[2] ECF No. 42.
[3] ECF No. 51.

Page 1 of 9 – MEMORANDUM DECISION

## Facts

Debtor filed this voluntary case under subchapter V of chapter 11 on September 14, 2023. On September 18, 2023, the U.S. Trustee appointed Kenneth S. Eiler as the Subchapter V Trustee.

Debtor filed her chapter 11 plan of reorganization on October 16, 2023,[4] with a confirmation hearing originally scheduled for December 14, 2023. The parties participated in mediation about the plan, but initial mediation efforts were unsuccessful. The parties jointly requested that the confirmation hearing be continued to allow the secured lender to obtain appraisals, which will allow the parties to resume their mediation efforts. The confirmation hearing has been rescheduled to February 9, 2024.

Debtor's plan proposes to pay administrative claims of Debtor's professionals and the Subchapter V Trustee on the later of the effective date of the plan, or such date as the holder of the claim may agree in writing. The plan provides that administrative expenses arising in the ordinary course of business will be paid on ordinary business terms and were current as of the date the plan was filed. Debtor's bankruptcy counsel holds $5,869.50 in trust for payment of post-petition services.[5] The Subchapter V Trustee asserts that, as of December 1, 2023, he has incurred fees of $6,885.

The Subchapter V Trustee served his motion on Debtor's counsel, counsel for each of the secured creditors, and the U.S. Trustee, who are the active parties in the case. Only Debtor objected. The Subchapter V Trustee did not serve his motion on the remaining creditors.

## Legal Analysis

**A. A Subchapter V Trustee Has Legal Authority to Request Funds Used Outside the Ordinary Course of Business.**

A subchapter V trustee has a duty to "ensure that the debtor commences making timely payments required by a plan confirmed under [subchapter V] . . . ."[6] This includes

---

[4] ECF No. 25.
[5] Application for Employment of Attorneys for Debtor in Possession, ECF No. 6, p. 3.
[6] 11 U.S.C. § 1183(b)(4).

ensuring that the debtor will be able to commence making timely payments of administrative expenses due immediately upon the effective date of a confirmed plan of reorganization.

With exceptions not applicable here, chapter 3 of the Bankruptcy Code applies to cases under chapter 11.[7] Under section 363(b), a "trustee, after notice and a hearing, may use . . . other than in the ordinary course of business . . . property of the estate." By its plain and express language, section 363(b) of the Bankruptcy Code is available to trustees. The Subchapter V Trustee is a trustee under the Bankruptcy Code and may move for relief under section 363(b).

Some may question whether section 1184 divests a subchapter V trustee from the power to use section 363(b). It does not. Section 1184 provides that the debtor in possession "shall have all the rights . . . and powers, and shall perform all functions and duties, except the duties specified in paragraphs (2), (3), and (4) of section 1106(a) of this title, of a trustee serving in a case under this chapter." However, section 1184 does not say that the debtor in possession has **_exclusive_** access to the rights and powers under the Bankruptcy Code. As a general matter, the court cannot add language to the Bankruptcy Code that Congress did not include.[8]

Although a bankruptcy court may interpret a statute to support the conclusion that exclusivity is intended by the language of the statute, it cannot do so if the result would be absurd.[9] It would be absurd to read section 1184 as providing debtors in subchapter V with all duties and rights of a trustee under the Bankruptcy Code to the exclusion of the subchapter V trustee. To do so would prevent the subchapter V trustee from performing his own duties under the Bankruptcy Code and exercising necessary rights and powers to fulfill those duties.

First, it would be absurd to believe that Congress meant in section 1184 that a debtor in possession in a subchapter V case, and only the debtor in possession, would be charged

---

[7] 11 U.S.C. § 103(a).
[8] *Lamie v. U.S. Trustee*, 540 U.S. 526, 538, 124 S. Ct. 1023, 1032 (2004) (holding that the court would not add an absent word to section 330(a)(1)(A) to provide for payment of debtors' attorneys, where a plain, non-absurd meaning of the statute was in view).
[9] *See Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S. Ct. 1942, 1947 (2000) (holding that a trustee had the exclusive right to exercise powers under section 506 where it was not absurd to read the text of the statute as authorizing only the trustee to do so).

with fulfilling the duties of a subchapter V trustee under section 1183(b). There would be no point for Congress to give duties to a subchapter V trustee in section 1183(b), only immediately to take all those duties away and give them to a debtor in possession in section 1184. That would occur in every case, because subchapter V trustees are appointed in all subchapter V cases.[10] There would be no purpose to appoint subchapter V trustees, or assign them any duties in section 1183(b), if those trustees would never have the obligation to perform any duties in any case.

Second, it would be absurd to believe that Congress meant to impose duties on subchapter V trustees without giving subchapter V trustees the means to fulfill those duties. There would be no point for Congress to create subchapter V trustees and give them duties, but not let subchapter V trustees use the rights and powers given to trustees under the Bankruptcy Code to perform their duties.

Instead, this court concludes that a better reading of sections 1183 and 1184 is that a subchapter V trustee may use the trustee's rights and powers under the Bankruptcy Code to the extent it is necessary for a subchapter V trustee to fulfill the statutory duties given to subchapter V trustees in section 1183. Such authority is concurrent with the debtor's authority to use those same trustee's rights and powers under the Bankruptcy Code to fulfill the debtor's duties as a debtor in possession, including those duties under section 1184.

> **B.    The Subchapter V Trustee has shown the Right to Use Property Outside the Ordinary Course of Business in this Case.**

To use property outside the ordinary course of business, the Subchapter V Trustee must show a both a valid business justification and good faith.[11]

The Subchapter V Trustee has shown a valid business justification for his request. Because a subchapter V trustee is appointed in every subchapter V case, and has duties in every

---

[10] 11 U.S.C. §1183(a). It appears that, when Congress was drafting section 1184, it borrowed language from section 1107. This issue of exclusivity does not really arise under section 1107, which applies in "regular" (i.e., not subchapter V) chapter 11 cases, because in those cases there is typically either a debtor in possession or a trustee, but not both at the same time.

[11] *204 N. Brand Partners, Ltd. v. Colony GFP Partners, L.P. (In re 240 N. Brand Partners, Ltd.)*, 200 B.R. 653, 659-60 (9th Cir. BAP 1996).

case, there is a basic level of expenses that a subchapter V trustee will incur in every case. In some more difficult cases, subchapter V trustees will incur higher expenses. The Subchapter V Trustee points out correctly that a debtor in subchapter V must be able to account for the reasonable anticipated fees of a subchapter V trustee from the outset of the subchapter V process. Using a debtor's funds outside the ordinary course of business is an appropriate way of accounting for those fees. In this specific case, the Subchapter V Trustee has explained Debtor's business operations and expected cash flows, as well as Debtor's anticipated administrative expenses, given the timing of the case.

Debtor does not accuse the Subchapter V Trustee of acting in bad faith, and the court discerns no bad faith in the Subchapter V Trustee's request. The Subchapter V Trustee is simply trying to establish a viable source of funds to pay an obligation that Debtor has incurred in this case.

**C.** **The Amount Requested by the Subchapter V Trustee is Appropriate.**

The Subchapter V Trustee in this case proposed that $7,500 of Debtor's funds be used outside the ordinary course of business. The amount the Subchapter V Trustee has requested is reasonable given the expenses that the Subchapter V Trustee asserts he has already incurred in this case. The Subchapter V Trustee asserts that his fees and expenses as of December 1, 2023, are $6,885 and he is requesting use of funds of $7,500. Given the several months between December 1, 2023, and the scheduled confirmation date, the additional funds requested above the amounts already incurred are not an unreasonable amount.

**D.** **The Subchapter V Trustee is Not Entitled to a Retainer that Inures Solely to the Benefit of the Subchapter V Trustee to the Exclusion of Other Administrative Claimants.**

Debtor correctly argues that the court "should treat the professionals and their administrative claims equally, as the Bankruptcy Code does."[12] Under the Bankruptcy Code, claims of equal priority must be treated the same. *In re MacMillan*, 652 B.R. 812, 815 (Bankr. D. Or. 2023). The Subchapter V Trustee's fees are entitled to administrative expense

---

[12] Response to Trustee Motion, p. 5.

status along with all other administrative expenses in the case. The Subchapter V Trustee's rights to payment are pro rata with the other administrative expense claimants.

Thus, if any funds of the Debtor are to be set aside, they should be set aside for the pro rata benefit of all administrative claimants, and not just for the Subchapter V Trustee. Those funds should be placed in a trust account to be used to pay administrative expenses, and not in the form of a retainer in which only the Subchapter V trustee would have a property interest.[13] Section 1194(a) authorizes subchapter V trustees to hold funds before plan confirmation. Funds may not be paid from the trust account unless and until payment to the Subchapter V Trustee and any other administrative expenses is authorized by the Bankruptcy Code and approved by the court.

Given the specific facts of this case, in making his request for a retainer, the Subchapter V Trustee does not appear to be seeking an unfair advantage over other similarly situated administrative creditors. Debtor's counsel already holds a retainer provided prepetition, and the other post-petition expenses are being paid current according to ordinary business terms. Debtor's counsel reported at oral argument that there are likely to be no other unpaid administrative expenses. It appears that the Subchapter V Trustee is the only administrative creditor who does not have reasonable assurances of a source of payment in this case. There is no reason why the Subchapter V Trustee should take the risk of nonpayment in this case where other administrative claimants are not taking that risk. Nonetheless, any use of funds outside the

---

[13] Debtor argues that the Subchapter V Trustee's motion should be granted only if there are funds available for Debtor's professionals under the cash collateral budget or if Debtor's professionals request interim compensation. Response to Trustee Motion, p. 4. This argument is inapplicable in this case, where there is no cash collateral order and the Debtor's professionals have not requested interim compensation. The court perceives Debtor's argument is really an argument about equal treatment of the Debtor's professionals and the Subchapter V Trustee. Debtor appears to equate providing a retainer for the Subchapter V Trustee with actual payment of the Debtor's professionals, perhaps because providing a retainer would convey a property right to the Subchapter V Trustee. The court's conclusion that any funds set aside must be held for the benefit of all administrative creditors, not just the Subchapter V Trustee, resolves the Debtor's concern about parity.

ordinary course of business should be provided for the benefit of all administrative claimants equally, and not single out the Subchapter V Trustee for more favorable treatment.

### E. Debtor's Other Arguments are Unavailing.

Debtor makes several arguments as to why the court should not grant the Subchapter V Trustee's motion. These arguments are unpersuasive.

First, Debtor argues that the Bankruptcy Code already provides a time and mechanism for payment of the Subchapter V Trustee's fees. While Debtor is correct, the argument is beside the point. The Subchapter V Trustee is not right now requesting approval or payment of his fees—he is asking only for a retainer. The court is not approving the Subchapter V Trustee's fees or authorizing the payment of those fees now. At this point, the court would only authorize funds to be set aside in trust for payment of administrative expenses *pro rata*. Any consideration of the reasonableness of the Subchapter V Trustee's fees, and approval for payment of those fees, will take place later in the ordinary course of the case.

Second, Debtor argues that requiring a retainer is contrary to the purpose and principles of the Small Business Reorganization Act, because subchapter V cases are supposed to be less expensive than "regular" (i.e., non-subchapter V) chapter 11 cases, and Debtor believes her U.S. Trustee fee would have been $250 per month in a regular chapter 11 case. If Debtor wanted to limit her expenses to those that would be incurred in a regular chapter 11 case, and avoid incurring administrative expenses to pay a Subchapter V Trustee, Debtor could have filed a regular chapter 11 case. She did not. The costs of a regular chapter 11 case are irrelevant.[14]

Third, Debtor argues that if the court orders the Debtor to provide a retainer to the Subchapter V Trustee, it should also automatically trigger favorable section 1191(e) treatment with interest at the federal judgment rate. Section 1191(e) provides that the court may confirm a plan under subchapter V that pays administrative expenses through the plan, instead of

---

[14] Debtor argues that if the court orders payment of a retainer, it should be paid over time in amounts of less than $250 per month. This argument appears to be based on what Debtor believes she might have incurred for U.S. Trustee fees in a regular chapter 11 case. Any amount that Debtor should be required to pay should be based on the economics of this case, as set forth in Section C, *supra*, and not what she might have spent in a case she did not file.

upon confirmation.[15] In this case, section 1191(e) is irrelevant because Debtor's plan does not propose payment of administrative expenses through the plan. The court is aware of no authority in the Bankruptcy Code for the court to change the terms of the Debtor's proposed plan based on a motion filed by the trustee to use property of the estate outside the ordinary course of business. Only a debtor may file a plan under subchapter V.[16]

Finally, Debtor argues that, rather than requesting a retainer, the Subchapter V Trustee should take his concerns about risk of payment to Congress, the Judicial Conference of the United States, and/or the local rules committee. The parties are, of course, always free to take their policy proposals to any appropriate forum. That option does not relieve this court from the duty to decide the motion before it.

### F. The Court Cannot Grant the Trustee's Motion Unless and Until All Creditors are Served.

Under Fed. R. Bankr. P. 2002(a)(2), the Subchapter V Trustee must give 21 days' notice by mail to all creditors of his motion to use property outside of the ordinary course of business. Although the Subchapter V Trustee gave notice to all the active parties in the case, he did not serve all creditors. Accordingly, this court cannot grant the Subchapter V Trustee's motion, in whole or in part, until he has given the required notice, and the remaining unserved creditors have an opportunity to object and be heard.

### Conclusion

If the Subchapter V Trustee elects to serve his motion on the remaining previously unserved creditors, and there are no timely objections, the Subchapter V Trustee may submit an order to authorize use of $7,500 outside the ordinary course of business in accordance with the terms of this memorandum decision. If any of the remaining creditors assert timely objections after service, the court will set the matter for further hearing.

###

---

[15] While the court may confirm a plan with payment of administrative expenses over time under section 1191(e), the Bankruptcy Code does not require the court to do so. *Compare* 11 U.S.C. § 1191(a) and (b) (saying the court "shall" confirm a plan) with § 1191(e) (saying the court "may" confirm a plan).

[16] 11 U.S.C. § 1189(a).

cc: Kenneth S. Eiler

Theodore J. Piteo

Christian Torimino